DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 1976-258 |
| | ) |
| CHARLES M. FELIX, | ) |
| | ) |
| Defendant. | ) |

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Jason T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, VI
  *For the United States,*

**Charles M. Felix**
Bureau of Corrections
Golden Grove Adult Correctional Facility
St. Croix, VI
  *Pro se defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Charles M. Felix ("Felix") which asks this Court to order his release from the Virgin Islands Bureau of Corrections.

In March, 1977, Felix, a former Corrections Officer in the Department of Public Safety of the Virgin Islands, was convicted in this Court of the territorial offense of murder in the first degree in violation of 14 V.I.C. § 922(a)(1). He was sentenced

*United States v. Felix*
Crim. No. 1976-258
Order
Page 2

to life imprisonment. (Judgment and Commitment dated March 10, 1977.) When Felix's criminal case was tried, this Court, operating pursuant to Congressional authorization, "exercise[d] original jurisdiction over civil and criminal matters arising under both local and federal law, including all habeas proceedings." *Oveson v. Virgin Islands*, No. 06-120, 2011 WL 1598169, at *2 (D.V.I. App. Div. Apr. 26, 2011) (explaining the changes in jurisdiction of the District Court of the Virgin Islands from 1949 through 1991); *Bryan v. Abramson*, Civ. No. 10-079, 2010 WL 3447681 (D.V.I. Aug. 31, 2010) (same); *see also Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1057 (3d. Cir. 1982) (explaining jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act of 1954 as being "like a state court of general jurisdiction" in its ability to consider claims based on territorial law). Following his conviction, Felix filed an unsuccessful appeal with the Third Circuit.

The instant motion, captioned as a "motion for writ of habeas corpus" was originally filed in this Court in 2009. This Court determined it was a challenge to the lack of parole consideration. Thereafter, this Court dismissed it for lack of subject matter jurisdiction. (ECF No. 127). Specifically, the

*United States v. Felix*
Crim. No. 1976-258
Order
Page 3

Court found that the Court had lost jurisdiction over habeas claims based on territorial convictions.[1] Felix appealed.

The Third Circuit vacated this Court's dismissal. *United States v. Felix*, 518 F. App'x 64, 64 (3d Cir. 2013). In its opinion, the Circuit stated that the District Court retained jurisdiction over parole challenges pursuant to 28 U.S.C. § 2241. *Id.* The Third Circuit did not determine whether Felix had exhausted his challenge in the territorial courts before filing his petition in this Court, but noted that exhaustion was required. *Id.* As such, the Third Circuit remanded this matter to the District Court. *Id.*

28 U.S.C. § 2241 "allows a . . . prisoner[] to challenge the 'execution' of his sentence in habeas." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). The "execution of the sentence" includes "such matters as the administration of parole . . . ." *Id.* at 242.

Such a challenge may only be brought in the federal district court where the petitioner has exhausted his parole challenges in the territorial court. *See Felix*, 518 F. App'x at 64. "[T]he habeas petitioner bears the burden of proving that he

---

[1] The District Court of the Virgin Islands previously had concurrent jurisdiction with the local courts over territorial crimes. That jurisdiction changed, and this Court now may only hear criminal cases involving violations of local law which are connected with conduct that could result in a federal criminal charge.

*United States v. Felix*
Crim. No. 1976-258
Order
Page 4

has exhausted available state remedies." *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). "The term 'exhaustion' means that the claim must be presented to every state court in a posture that allows for the court to fully analyze the claim." *Mulley v. Phillips*, Civil No. 2001-34, 2001 WL 664410 (D.V.I. June 11, 2001). Thus, a federal court may only review a habeas claim where the petitioner has exhausted all local remedies, including appellate remedies. *Irvin v. Dowd*, 359 U.S. 394, 405 (1959).

> The United States Virgin Islands has a two-tier judiciary. The trial court is the Superior Court of the Virgin Islands (the "Superior Court"). *See* V.I. CODE ANN. tit. 4, § 2. The court of last resort is the Supreme Court of the Virgin Islands (the "V.I. Supreme Court"). *Id*. The V.I. Supreme Court assumed jurisdiction over appeals from judgments and orders of the Superior Court filed after January 29, 2007. *See Legislature of the V.I. v. DeJongh*, 52 V.I. 650, 645 F. Supp. 2d 452, 257 (D.V.I. App. Div. 2009)(limiting the District Court's appellate jurisdiction to appeals filed prior to January 29, 2007, when the Supreme Court's jurisdiction began).[2]

---

[2] Prior to the Supreme Court's assumption of appellate jurisdiction, the District Court served as the appellate court for final orders and judgments of the Superior Court.

*United States v. Felix*
Crim. No. 1976-258
Order
Page 5

Here, the record indicates that Felix petitioned the Superior Court in late 2007, challenging the Bureau of Corrections' treatment of his eligibility for parole. (ECF No. 109-4.)  The Superior Court denied his petition in an order dated June 9, 2008. (ECF No. 109-4.)  Following the Superior Court's denial of Felix's petition, Felix could have appealed to the V.I. Supreme Court. *See* V.I. CODE ANN. tit. 4, § 32 (granting the V.I. Supreme Court jurisdiction over all appeals arising from final orders of the Superior Court and the power to issue all necessary writs). There is nothing on the record which indicates that Felix appealed the Superior Court's order to the V.I. Supreme Court.  Thus, he has not exhausted his territorial court remedies.

The premises considered, it is hereby

**ORDERED** that Felix's petition for habeas relief is **DENIED**.

S\_____
               **CURTIS V. GÓMEZ**
               **District Judge**